PAUL SCHWARTZ, Plaintiff, *v.* THE HARRIMAN NATIONAL BANK AND TRUST COMPANY OF THE CITY OF NEW YORK, as Trustee, Defendant.

City Court of New York, Bronx County, August, 1933.

*Louis B. Frutkin,* for the plaintiff.

*Rushmore, Bisbee & Stern* [*Abraham Freedman* of counsel], for the defendant.

ADLERMAN, J. Action at law to recover $1,849.51 against the defendant as trustee. The plaintiff entered into a certain thrift plan with the defendant and its predecessor, Midwood Trust Company, by which he agreed to deposit sixty dollars monthly with the bank which deposits were to be applied in payment on life, accident and health policies for the benefit of the plaintiff and an annual fee of four dollars to the trustee, and the balance to be invested in guaranteed first mortgages or first mortgage certificates. The plaintiff delivered to the defendant or its predecessor $1,309.51 in guaranteed first mortgages or mortgage certificates and $540 in cash, a part of which has been used to pay premiums on his policies and aforesaid fee of trustee. The plaintiff seeks to recover the entire amount of $1,849.51 in cash under a clause of the contract which permits him to demand and receive payment, "*but only if and to the extent that cash is available for such purpose.*" The agreement was made with United Thrift Plan, Inc., and defendant accepted the trust provided therein. Fifteen hundred persons subscribed to this plan in exactly the same manner as the plaintiff and have to their credit an aggregate sum of $678,000, of which $664,000 is represented by guaranteed first mortgage certificates in the principal amount of that sum. The balance of $14,000 is in cash. The bank is in the hands of the Comptroller of the Currency of the United States. It is also undisputed that said $664,000 face amount of certificates is not worth that sum. By reason of the great decline in the value of real estate, the real estate mortgages are of uncertain value and are quoted at the present time at approximately thirty per cent to forty per cent of the face value thereof, notwithstanding they are guaranteed by a title insurance company. It is provided by said agreement as follows: " The mortgages and mortgage certificates purchased for, by, or deposited with the trustee pursuant to this agreement and other similar agreements may be commingled and held by the trustee *as one fund in which the subscribers shall have a pro rata interest.* Cash held at any time by the trustee for the account of any subscribers may be commingled with other cash held by the trustee in its own right or otherwise." This is a most important provision of the agreement, as it clearly makes the rights of each subscriber relative to the rights of every other subscriber in the common fund and the common investment.

The plaintiff makes the claim that the trust which was created has terminated upon his giving thirty days' notice under the following provision in the contract: " That at the end of or at any time during the term of this agreement, it will, within thirty days after written request by the subscriber, pay in cash to the subscriber, or,

in the event of the death of the subscriber, before the termination of this agreement, to Sylvia Schwartz, wife of ............, as beneficiary, the whole or such part as may be requested, *but only if, and to the extent that cash shall be available for such purpose.* The trustee *may* sell or convert into cash such of the first mortgages or first mortgage certificates as it may deem necessary." The plaintiff contends that there is on hand $14,000 in cash and that under the terms of the contract the *cestui que trust* is entitled to recover the moneys deposited by him, and that he may seize it regardless of the fact that the 1,500 other subscribers also have rights therein. Under the terms of the agreement, the subscriber may not lay claim to the cash in the hands of the trustee which is not allocated to the subscriber as his *pro rata* share of the trust fund. The plaintiff, notwithstanding that his proportionate share of the certificates has been reduced in value, desires to obtain in cash the full face value of the certificates for the amount of his account. If this plaintiff should prevail, he and a few others who brought suit first would be paid in full and get their *pro rata* share, and the remainder of the participants in the plan, who stood exactly on the same basis, would receive nothing whatever. This is unfair and inequitable. Such an action might virtually subvert the trust by taking the property of many for the benefit of the one. (*Husted* v. *Thompson,* 158 N. Y. 328.)

This trust has not been fully executed and the amount settled. It is apparent that because of the great number of properties involved in the trust and the uncertainty with respect to their value, it is impossible to determine the value of the trust estate and the proportionate amount to which each beneficiary will eventually be entitled unless and until the value of the properties behind the securities has been reduced to cash. The plaintiff is, therefore, in the wrong forum. In *Husted* v. *Thompson (supra)* it is stated: " An action at law, by beneficiary against trustee, to recover a share of a trust estate is a hazardous venture. If the trust is still open, the accounts of the trustee unsettled and the amount going to the particular beneficiary unknown, resort must be had to a court of equity."

In any event, it is obvious that the trustee cannot make payment to all of the subscribers of the full amount of their original subscription in view of the fact that the trust fund has depreciated in value due to no fault on the part of the trustee. The Comptroller of the Currency of the United States has appointed a conservator for the defendant bank. The conservator, under the direction of the Comptroller, shall take possession of the books, records and assets

546

of every description of such bank and take such action as may be necessary to conserve the assets of such bank, pending further disposition of its business as provided by law. Such conservator shall have all the rights, powers and privileges now possessed by or hereafter given receivers of insolvent national banks, and shall be subject to the obligations and penalties not inconsistent with the provisions of this title to which receivers are now or may hereafter become subject. During the time that such conservator remains in possession of such bank, the rights of all parties with respect thereto shall, subject to the other provisions of this title, be the same as if a receiver had been appointed therefor. (U. S. Code, tit. 12, §§ 201 *et seq.*) It is contended by the plaintiff that the appointment of the conservator does not extend to the trust fund; that the defendant as trustee, and as sued herein, is merely a depositor of the Harriman National Bank and Trust Company, and shares in the liquidation of the bank as an ordinary depositor, together with the other depositors of the bank. I must hold that the conservator, in the discharge of his official duties, will take whatever steps may be necessary to protect the rights of all parties, regardless of whether or not a judgment is obtained by the plaintiff. The obtaining of a judgment would not hasten payment. An execution could not be levied against the bank while it is in the hands of the Federal government, and the plaintiff cannot expect, by this action, to obtain earlier payment than any one else. The present action serves no purpose whatever.

The motion is denied.