GILBERT M. HUSTED, Appellant, *v.* DAVID THOMSON, as Trustee of the Estate of BENJAMIN LORD, Deceased, Respondent.

1. TRUSTS — REMEDY OF BENEFICIARY AGAINST TRUSTEE. An action at law by one of several beneficiaries to recover for himself alone from a trustee, as such, a share of a trust estate belonging to all, cannot be maintained, at least until the trust has been closed and the balance ascertained; and before that has been done, a court of equity is the only tribunal to which the beneficiary can have recourse.

2. AVAILABLE REMEDY IN EQUITY. An action at law by one of several beneficiaries against the trustee, as such, should not be entertained where a complete remedy is available to the beneficiary at the foot of an existing judgment in equity.

3. Appeal — Dismissal of Complaint on Reversal, where Plaintiff has Mistaken Remedy. It is proper for the Appellate Division to dismiss the complaint, on reversing a judgment for the plaintiff, where it is entirely plain, from the pleadings and the nature of the controversy, that the plaintiff cannot succeed, as, where the action is one at law and the plaintiff must resort to another remedy.

*Husted* v. *Thomson*, 7 App. Div. 66, affirmed.

(Argued January 31, 1899; decided February 28, 1899.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered September 30, 1896, upon an order reversing a judgment entered upon a verdict directed in favor of the plaintiff, and dismissing the complaint upon the merits, with costs.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. Edward Woodruff* for appellant. When, as in this case, the trust is being administered by the Supreme Court, actions by or against the deceased trustee, as such trustee, can and should be continued by or against the new trustee. (*Hegewisch* v. *Silver*, 140 N. Y. 414; *Greenland* v. *Waddell*, 116 N. Y. 242; *Royce* v. *Adams*, 123 N. Y. 402; *Smith* v. *Zalinski*, 94 N. Y. 520; *Moore* v. *Hamilton*, 44 N. Y. 666; *Greenwood* v. *Marvin*, 111 N. Y. 424; Code Civ. Pro. §§ 755–757.) Where the interests of legatees or distributees have been ascertained and fixed by some competent proceeding, and the aliquot shares of each determined, separate suits may be maintained on the behalf of each for the recovery of his share. (*Hares* v. *Stringer*, 15 Beav. 206; *Van Camp* v. *Searle*, 147 N. Y. 150; *G. M. Ins. Co.* v. *Benson*, 5 Duer, 168; *Hitchcock* v. *Linsly*, 17 Hun, 556; *Hauenstein* v. *Kull*, 59 How. Pr. 24; *Hutchinson* v. *Townsend*, 2 Keene, 675; *Johnson* v. *Johnson*, 120 Mass. 465; Story's Eq. Juris. [8th ed.] §§ 207, 212; *McLaughlin* v. *Smaw*, 18 How. [U. S.] 217; 27 Am. & Eng. Ency. of Law, 287; *Wing* v. *Bull*, 38 Hun, 291.) When a dividend has been declared of a trust estate, whether by an assignee or a trustee of such an estate as this, such

42

dividends may be recovered by one entitled to the same in an action at law. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *Hopper* v. *Sage*, 112 N. Y. 530; *Seeley* v. *Nat. Bank*, 8 Daly, 400; *Levy* v. *G. Ins. Co.*, 2 Edw. Ch. 657; *Robinson* v. *Nat. Bank*, 95 N. Y. 637.) Nothing could be done after the commencement of the action, even by the plaintiff, Mr. Husted, himself, to affect the rights of his attorney, Mr. Woodruff, in said one-eleventh share, growing out of the said power of attorney, and the agreement as made by Mr. Husted in respect to the compensation to his said attorney out of said one-eleventh share. (*Fairbanks* v. *Sargeant*, 117 N. Y. 320; *Chester* v. *Jumel*, 125 N. Y. 237; *Holmes* v. *Evans*, 129 N. Y. 140; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Seymour* v. *Smith*, 114 N. Y. 481; *Sanders* v. *Soutter*, 136 N. Y. 97; *Marshall* v. *Meech*, 51 N. Y. 140; *Fowler* v. *Callan*, 102 N. Y. 395; *Forstman* v. *Schulting*, 35 Hun, 504; *Eberhardt* v. *Schuster*, 10 Abb. [N. C.] 374.) By the substitution of September 22, 1887, Mr. Woodruff stood in the place of Savage and was vested with his powers, which were not derived from him, but through him from the plaintiff, Mr. Husted. (*Jacoby & Co.* v. *Payson*, 91 Hun, 480; *Craighead* v. *Petersen*, 72 N. Y. 279; *Holtsinger* v. *C. E. Bank*, 37 How. Pr. 203; *Sims* v. *U. S. T. Co.*, 103 N. Y. 472; *Holmes* v. *Evans*, 129 N. Y. 140; *Matter of Hahn*, 16 Wkly. Dig. 357; 93 N. Y. 381; *Martin* v. *Platt*, 5 N. Y. S. R. 284; Story on Agency, § 72; Meacham on Agency, § 276; *Wright* v. *Cabot*, 89 N. Y. 570; *Williamson* v. *Brown*, 15 N. Y. 354.) The substituted trustee simply took the assets of the estate *cum onere*, the trust having devolved upon the Supreme Court, and he being the agent or arm of the court to carry into effect the unexecuted trusts. (*Royce* v. *Adams*, 123 N. Y. 402; *Greenland* v. *Waddell*, 116 N. Y. 242; *Kirk* v. *Kirk*, 137 N. Y. 510; *Mott* v. *Ackerman*, 92 N. Y. 540; *Stout* v. *Betts*, 74 Hun, 266.) Irrespective of what has been insisted upon, it was error to reverse and dismiss the plaintiff's complaint without affording the plaintiff the opportunity on a new trial to show additional facts.

(*Canavan* v. *Stuyvesant*, 154 N. Y. 84; *Heller* v. *Cohen*, 154 N. Y. 299; *Benedict* v. *Arnoux*, 154 N. Y. 715; *New* v. *New Rochelle*, 158 N. Y. 41.) The trial court properly directed a verdict against the estate for the amount of the one-eleventh Husted share, which was conceded to be still unpaid and due from the estate. (*Andrews* v. *Brewster*, 124 N. Y. 433.)

*Geo. Putnam Smith* for respondent. This action was not maintainable against the original trustee. (*McCrea* v. *Purmort*, 16 Wend. 460; *Van Camp* v. *Searle*, 147 N. Y. 150; *Dias* v. *Brunell*, 24 Wend. 9; Freeman on Judgments, 434; Hill on Trustees, 518; *Husted* v. *Cruikshank*, 14 N. Y. Supp. 527.) The action was not maintainable against Mr. Thomson. (Lewin on Trusts, ch. 16; Perry on Trusts, § 843.) The judgment rolls were improperly admitted in evidence. (1 Greenl. on Ev. § 511; *Hatcher* v. *Rocheleau*, 18 N. Y. 86; *Archer* v. *Furniss*, 4 Redf. 88; *Winans* v. *Dunham*, 5 Wend. 47; *Reynolds* v. *Stockton*, 43 N. J. Eq. 211; *Leitch* v. *Wells*, 48 N. Y. 585.) If Husted, the nominal plaintiff, has any claim, it must be asserted in the equity suit of Burrowes. (*Kerr* v. *Blodgett*, 48 N. Y. 62; *Matter of Ayrault*, 81 Hun, 107; 146 N. Y. 389.)

VANN, J. This is an action at law brought against a trustee to recover the part of a trust estate to which the plaintiff deems himself entitled.

In 1851 Benjamin Lord died, leaving a last will and testament by which he gave all his real and personal property to his executors in trust for his brothers and sisters and one Lavinia Knapp, who afterwards died, and by her will left her interest to the plaintiff. Only one of the executors named in Mr. Lord's will, Caleb Barstow, qualified, and subsequently he resigned and was succeeded by Gilbert N. Marshall, who in turn resigned and was succeeded by Augustus Cruikshank, who by an order, made February 20th, 1883, was appointed in the place of his predecessors and of the executors named in

the will.   This action was commenced in April, 1890, against
said Cruikshank, as trustee, but he died in 1894, and David
Thomson, the present defendant, was appointed in his place,
and in June, 1895, upon motion of the plaintiff, he, as such
trustee, was substituted as sole defendant in the action in the
place of the original defendant.

In an action commenced by Mr. Cruikshank in his lifetime
against the plaintiff and others for the construction of the will
of Mr. Lord, a decree was entered on the 28th of December,
1887, adjudging that it was the intention of the testator that
Lavinia Knapp should take a one-eleventh part of his estate,
and that such share passed under her will and became vested
in Gilbert M. Husted, the present plaintiff.   After the com-
mencement of this action, and on the 21st of April, 1893, said
judgment was vacated on a motion made upon technical
grounds, but before the trial hereof it had again been tried
and the same judgment rendered.   The last judgment, which
was entered on the 11th of September, 1894, settled the ali-
quot part or proportion of the estate that the plaintiff herein
was entitled to receive, but it did not fix the amount of that part
in any way, although it directed the trustee to convert the
trust estate into money and to distribute the same, and author-
ized any party to apply for further directions.

On the 7th of March, 1890, a judgment was rendered at the
suit of one Burrowes and two or three hundred other plain-
tiffs against said Cruikshank as trustee under the will of
Benjamin Lord, but Husted, the plaintiff in this action,
was not a party thereto.   That judgment decreed that
Cruikshank, as trustee, had a balance of $87,653.33, and
directed him to divide the same among the several *cestuis que
trustent* according to their several interests after deducting
about $10,000 allowed for costs and expenses.   It further
provided that upwards of 150 plaintiffs should be paid a
certain sum each, and finally adjudged "that any person or
persons having or claiming to have any interest in the estate
of the defendant's testator, either as devisee, assignee or other-
wise, of the whole or any fractional share of any interest in said

estate, and not provided for in this judgment, may come in or be made a party to this action and have his interest in said estate adjudicated and determined, and that all persons now parties to this action having an interest in said estate, which has not been determined by this judgment, may hereafter have such interest adjudicated and determined."

The plaintiff did not avail himself of the privilege afforded by either of said judgments, but commenced this action at law to recover his share of the Lord estate, including certain dividends alleged to have been declared by Mr. Cruikshank, as trustee, prior to May 23rd, 1888. He demanded judgment for $11,402.89, with interest on different portions thereof from different dates.

After the death of Mr. Cruikshank and the substitution of the present defendant, Thomson, as trustee in his place, the plaintiff filed a supplemental complaint, alleging that the present defendant had been appointed and had qualified as trustee and had " received into his hands a large amount of money belonging to said estate," and in addition thereto had " brought an action against the executrix of said deceased trustee, Augustus Cruikshank, for an accounting" in order to recover other funds or moneys belonging to said estate; that said suit was pending " and thereby a large amount of money will or should come into the hands of this defendant as trustee of the estate of Benjamin Lord from the estate of " his deceased predecessor.

The original defendant, Mr. Cruikshank, alleged in his answer, among other things, that the plaintiff, on June 16th, 1887, assigned one-half of his interest in the estate to one George W. Savage, Jr., through a power of attorney to collect the whole and retain fifty per cent for his compensation; that after the execution of said instrument said defendant paid Savage upon account of said eleventh interest the sum of $2,500, and that subsequently he paid the plaintiff all that he was entitled to receive from the estate; that said Savage had executed and delivered by separate and independent instruments an assignment of either the whole or one-half of said eleventh to each of the following persons: Edward Van Ness,

A. Edward Woodruff, Charlotte E. Savage, Everett M. Marshall, Edwin N. Doll and William M. Johnson, and that each of said persons claimed the whole or a part of said share by virtue of the assignment to him or her respectively.

The original defendant also alleged that he had brought an action making the plaintiff and the various claimants defendants, so as to have it judicially determined who were entitled to said shares, and that the action was still pending.

In answer to the supplemental complaint the present defendant denied that he had received a large amount of money belonging to the estate of Mr. Lord, but admitted that he had received from a former trustee of said estate $3,318.49, and from the Union Trust Company $67.09.

He further alleged that he also had commenced an action against the plaintiff and all persons having or claiming an interest in said shares to determine who were entitled to the same, and that the plaintiff appeared and answered, but the action was still undetermined.

Upon the trial, which was before a jury, the foregoing facts, aside from those alleged in the answers, appeared in substance. It also appeared that the present defendant had received as trustee of the estate of Benjamin Lord less than $4,000 in money, and that he had received no securities or other property belonging to the estate; that he had commenced an action against the executrix of Augustus Cruikshank, the former trustee, for an accounting, and that the proceeding was still pending, nothing having yet been realized therefrom; that Mr. Husted, the plaintiff herein, had been paid for and had released to the estate one-half of the one-eleventh that he was originally entitled to; that the former trustee, Mr. Cruikshank, and the present trustee, Mr. Thomson, had commenced suits in equity for the purpose of determining the validity of the various claims made on the trust estate by virtue of the different assignments set forth in the answer; that the suit brought by Mr. Cruikshank was revived after his death, and that both suits were pending and undetermined at the time of the trial of this action.

At the close of the evidence the defendant moved to dismiss the complaint, while the plaintiff moved for the direction of a verdict, and the court, after denying the former motion, directed a verdict in favor of the plaintiff for the sum of $6,244.85. Upon appeal the Appellate Division reversed the judgment entered on the verdict and dismissed the complaint upon the merits.

An action at law, by beneficiary against trustee, to recover a share of a trust estate is a hazardous venture. If the trust is still open, the accounts of the trustee unsettled and the amount going to the particular beneficiary unknown, resort must be had to a court of equity. It is the peculiar province of that court to supervise the execution of trusts, the distribution of trust property and the conduct of trustees in managing trust estates. With all interested persons before it, its decrees protect all interests and enforce all rights. It is not confined to an execution for the enforcement of its judgments, but with its varied and plastic process can compel performance of the precise act that the situation requires.

We do not think that an action at law can be maintained by the plaintiff under the allegations of his complaint or the facts developed by the evidence. Nothing in the nature of non-feasance, misfeasance or malfeasance on the part of the present trustee was alleged or proved, and he cannot be held responsible for any omission or misconduct on the part of his predecessor. The trust created by Mr. Lord's will had not been closed, but was still open and continuing when this action was tried. The accounts of the defendant as trustee had not been settled or adjusted, and no balance had been ascertained since the decree of March 7th, 1890. At that time the defendant had not been appointed trustee, the action to construe the will had not been finally determined, and the additional expenses incurred by the former trustee in that and other actions had not been adjusted. The plaintiff was not even a party to that decree, and there was no attempt in that action to fix the amount of his share, although, under the permission granted therein, he could, at any time, have made himself a

party thereto, and could have had the amount going to him definitely settled. A further accounting was obviously essential before the trustee could safely pay the beneficiaries, for the amount to be distributed was not known.

Moreover, the present defendant was appointed trustee while this action was pending, and he has received no property, and but very little money from his predecessor. He has an action pending to recover a large amount from the estate of the trustee whom he succeeded, and until that suit is determined it cannot be known how much there will be to divide, or how much the plaintiff is entitled to receive. The present trustee can be held liable only for such assets as have come into his hands, for there is no claim that he has been guilty of negligence in reducing the estate to possession. The judgment rendered against him by the trial court was for $6,717.62, yet, without fault on his part, he had less than $4,000 on hand at that time. How could he have paid that judgment? Could he have applied even what he had on hand upon it without using money belonging in part to others? A judgment in an action at law is enforced by execution, and if the sheriff, under an execution, took from him trust funds, he might take that which should go to other beneficiaries. Even if the plaintiff was willing to withhold his execution until the result of the action brought against the Cruikshank estate could be known, still he had the right to issue an execution as soon as the judgment was rendered, although it was for an amount almost twice as large as the entire trust fund that the defendant had received. The fact that he had a right to issue an execution whenever he saw fit to collect the entire amount of his judgment, regardless of the amount in the hands of the trustee, shows that the remedy at law adopted by the plaintiff was not the remedy adapted to the situation. Assuming that a person entitled to a portion of a trust estate can sue the trustee, as an individual, in an action at law for the personal appropriation of trust funds, for negligence or for a breach of his trust, the execution in such a case would issue against his individual property, and the property of the estate would not

be affected, but an action against him as trustee, to be enforced
by execution out of trust property, might deplete the estate
and take property held in trust for others.

An action at law by one of several beneficiaries to recover
for himself alone from a trustee, as such, a share of a trust
estate belonging to all, cannot be maintained, at least until
the trust has been closed and the balance ascertained. ( *Van
Camp* v. *Searle*, 147 N. Y. 150, 161 ; *Davis* v. *Coburn*, 128
Mass. 377, 382.) Such an action, as has already been pointed
out, might virtually subvert the trust by taking the property
of many for the benefit of one.

Mr. Perry, in his work on Trusts (§ 843), discussing the
remedies of a *cestui que trust*, says, " Unless some legal debt
has been created between the parties or some engagement,
the non-performance of which may be the subject of damages
at law, a court of equity is the only tribunal to which he can
have recourse for redress. An action at law for money had
and received will not lie against a trustee while the trust is
still open ; but if a final account is settled, and a balance
struck, an action may be maintained. (*Dias* v. *Brunell*, 24
Wend. 9 ; *Duval* v. *Covenhoven*, 4 Wend. 561.) * * *
Where a trust is fully executed, and the amount settled, and
there remains nothing to be done but for the trustee to pay
over the amount to the *cestui que trust*, an action at law may
be maintained in all the states for the payment of the amount
found due."

So in Hill on Trustees it is said : " Courts of equity, from
their inherent jurisdiction, assumed from the beginning the
exclusive control over trustees in the discharge of their duties,
whether affecting real or personal estate. There are few cases
arising from matters of trust * * * of which the courts
of common law are capable of taking cognizance (p. 42).
* * * Indeed, unless some legal debt has been created
between the parties, or some engagement, the non-perform-
ance of which may be the subject of damages at law, a court
of equity is the only tribunal to which the *cestui que trust*
can have recourse for redress."

43

We do not deem it necessary to further discuss the subject or to review the authorities, for it is clear that the plaintiff has mistaken his remedy. A simple, certain and inexpensive method of relief was open to him without commencing any action whatever. He could have made himself a party to the Burrowes' suit, according to the express provisions of the judgment therein, and had his interest in said estate adjudicated and determined, with proper directions for the payment thereof as soon as the funds were all collected and the accounts adjusted. Doubtless the same speedy relief could have been had under the judgment rendered in the action for the construction of the will, which fixed the proportion of the estate to which the plaintiff was entitled, directed the trustee to convert the estate into money and distribute the same, and authorized any party, the plaintiff being one, to apply for further directions. So far as appears, these remedies are still available.

It is insisted that the learned Appellate Division erred in dismissing the complaint, without affording the plaintiff an opportunity to show additional facts upon a new trial, but, we think, this is a case in which it is entirely plain, from the pleadings and the nature of the controversy, that the plaintiff cannot succeed, because it is an action at law, and he must resort to another remedy. (*Benedict* v. *Arnoux*, 154 N. Y. 715; *New* v. *Village of New Rochelle*, 158 N. Y. 41.)

The judgment should be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.