### BATCHIS v. LEASK et al.

(Supreme Court, Appellate Division, First Department. March 22, 1912.)

1. TRUSTS (§ 359*)—ENFORCEMENT—ACTIONS.

An action to enforce a trust can only be brought by a beneficiary in a court of equity unless there has been an accounting and promise to pay, when an action at law may be brought for the ascertained sum.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 554, 565, 566; Dec. Dig. § 359.*]

2. TRUSTS (§ 371*)—ASSIGNMENT BY BENEFICIARY—ACTION BY ASSIGNEE.

A complaint alleging that defendants, who were trustees under a will on a certain day, made a division of the income in their hands, and distributed the same to various cestuis que trust, but that they unlawfully withheld from plaintiff's assignor a named sum which was part of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

income to be distributable to him, is insufficient to state a cause of action, not showing any accounting or promise on the part of the trustees to pay an ascertained sum, and hence not showing the right of the assignee to maintain the action.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 588–599; Dec. Dig. § 371.*]

Appeal from Special Term, New York County.

Action by Edmund Batchis against George Leask and others as trustees under the last will and testament of Hudson Hoagland. From an interlocutory judgment overruling a demurrer, defendants appeal. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

J. Hampden Dougherty, for appellants.
Henry W. Baird (Arthur G. Stiles, of counsel), for respondent.

CLARKE, J. The plaintiff is the assignee of a beneficiary under the will of Hudson Hoagland, and the defendants are the executors and trustees.

The complaint alleges that the seventeenth clause of the will gave and bequeathed to the executors $75,000 in trust, to pay over the income of $25,000 thereof to Charles F. Hoagland during his life, and, upon his death, leaving a child or children surviving him, to pay over the principal of said sum to said child or children; that, according to the terms of said will, other sums of money were to be paid over to the defendants to be held in trust for other beneficiaries; that such trustees still held securities to the amount of $500,000 in trust for said Charles F. Hoagland and other cestuis que trust under said will; that Charles F. Hoagland is still alive; that on and prior to the 7th day of April, 1908, the defendants herein, as such trustees, received the income of said trust funds as the same became due and payable and distributed the same to those entitled thereto; "that on the 7th day of October, 1908, the defendants herein, as such trustees, made a further division of the income then and there in their hands of said trust funds, and distributed the same to the various cestuis que trust entitled thereto, except that said defendants unlawfully withheld from said Charles F. Hoagland the sum of $208, being part of that portion of the income of said trust funds that should then have been distributed to the said Charles F. Hoagland. And these defendants still unlawfully refuse to pay over to the said Charles F. Hoagland or his assigns said sum of $208, although the payment thereof had been duly demanded." The complaint makes similar allegations as to five other semiannual dates, and proceeds:

"That on or about the 4th of May, 1911, and after all of said sums of money hereinbefore stated had become due and owing, and after the cause of action herein alleged arose and prior to the commencement of this action, said Charles F. Hoagland, for good and valuable consideration, duly assigned to the plaintiff herein all claims that he had against the defendants by reason of the claims and cause of action herein set forth, and that the plaintiff is still the lawful owner and holder of said claims and of said cause of action."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wherefore he asked judgment for $1,248.

The defendants demurred, first, that there is a defect of parties plaintiff in the omission of Charles F. Hoagland, who alone has the right to enforce the performance of the trust alleged in the complaint; second, that there is defect of parties defendant in the omission of Charles F. Hoagland, the person entitled to the money demanded by the plaintiff, which is the income of the trust of personal property, and which by the terms of the trust defendants are directed to apply to the use of said Hoagland; third, that the complaint did not state facts sufficient to constitute a cause of action. The court overruled the demurrer on all three grounds without opinion.

[1] An action to enforce a trust can only be brought by a beneficiary, and it must be in equity. But if there has been an accounting and promise to pay, or the equivalent thereof, an action at law may be brought for the ascertained sum; and, if an action at law could be so brought, the claim could be assigned, and the action brought by the assignee.

[2] The question is whether the complaint sufficiently states the ascertainment of a sum due and promise to pay, or the equivalent thereof. The language of the eighth clause of the complaint, which is typical of all the items constituting the cause of action, says that on a certain date the defendants made a further division of the income in their hands and distributed the same to the various cestuis que trust entitled thereto, except that they unlawfully withheld from Hoagland the sum of $208, being part of that portion of the income that should then have been distributed to him and unlawfully refuse to pay over to him or his assigns said sum, though demanded. Even exercising the utmost liberality, that clause cannot be interpreted as the equivalent of the statement that there had been an accounting, or that the trustees had ascertained and established that on that date the sum of $208 was due to Hoagland.

The interlocutory judgment appealed from should be reversed and the demurrer sustained, with costs and disbursements to the appellants, with leave to respondent on payment thereof to serve an amended complaint. All concur.