EDWARD N. DICKERSON and Another, Respondents, *v.* THE CENTRAL UNION TRUST COMPANY OF NEW YORK et al., Appellants, and EDWARD BRINLEY, Respondent.

(Supreme Court, Appellate Term, First Department, March, 1920.)

Actions — implied promise — money had and received — trusts — equity — when action at law cannot be maintained.

Where a testamentary trust has been closed, so far as the matter in hand is concerned, and nothing remains to be done but to make payments of the balance found due as directed by the decree of the court, a legal debt or obligation is created and those entitled to said balance may maintain an action on the implied promise arising out of the obligation, or for money had and received.

A decree in equity after directing the trustees to pay over the income of a trust fund in a certain manner directed payment of the balance to one B., to be applied by him in accordance with the terms of certain instruments specified in the decree. *Held,* that an action at law brought by an alleged assignee of one of the parties to the equity suit, an assignee of the original *cestui que trust,* to recover a part of the equitable interest of the original *cestui que trust* was not maintainable, and that a judgment in favor of plaintiff must be reversed and the complaint dismissed without prejudice to a new action.

APPEAL by defendant trustee under the will of Samuel D. Bradford, from a judgment in favor of the plaintiff after a trial by the Municipal Court of the city of New York, borough of Manhattan, ninth district, without a jury, and from two intermediate orders, viz.: (1) denying a motion to dismiss the complaint for want of jurisdiction, and (2) denying a motion to dismiss the complaint for defect of parties defendant and insufficiency and that new parties be brought in.

Charles Oakes, for plaintiffs, respondents.

Hunt, Hill & Betts (Robert McLeod Jackson, of counsel), for appellants.

John S. Montgomery, for respondent Edward B. Brinley.

PENDLETON, J.    The action is an action at law brought against trustees by an alleged assignee of one of the *cestui que trust* of part of the assignor's equitable interest under the trust, and the principal question involved is whether under the facts alleged and proved, an action at law can be maintained, or whether plaintiff's remedy, if any, is in equity of which the Municipal Court has no jurisdiction. Plaintiffs claim under certain alleged mesne assignments from the original *cestui que trust*. The contention is not that by virtue of these alone plaintiffs are entitled to maintain an action at law, but that such action is maintainable because of a certain decree in a certain suit in equity then pending in a court of the state of Massachusetts. The decree referred to directed the trustees to pay over the clear income of that part of the trust fund in their hands held for the original *cestui que trust* in each year during his life as the same may become due as follows: forty-five per cent

41

Appellate Term, First Department, March, 1920.    [Vol. 110.

thereof but not exceeding $1,800 a year in a manner not material here, and the balance to one Beltz, one of the plaintiffs herein, to be applied by him in accordance with the terms of certain instruments specified in the decree. Plaintiff Dickerson, whose alleged interest is alone involved in this action, was not a party to that suit, but claims under an alleged assignment from one of the parties, an assignee of the original *cestui que trust,* and one of those named in the instruments referred to in the decree. It is well settled that the usual remedy of a beneficiary against a trustee is in equity. It is the peculiar province of equity to supervise the execution of trusts, distribution of trust property, and the conduct of trustees. Where, however, the trust has been closed or at least so far as the matter in hand is concerned and an amount fixed, or balance found due, and directed to be paid, and nothing remains to be done but to make payment, so that a legal debt or obligation has been created, there an action at law may be maintained as for money had and received, or on the implied promise arising out of the legal obligation to pay. *Husted* v. *Thomson,* 158 N. Y. 328. The decree relied on in this case did not direct the payment of any specific sum found due to Dickerson's alleged assignor, but directed only that a certain proportion of the " clear " income thereafter received, that is, after payment of commissions and expenses, should be paid over to one of the defendants in that suit to be distributed in accordance with some agreements between the parties. This in the nature of the case was no such a direction to pay a sum certain as would create a legal debt of one party to the other. The accounts of the trustee have not been settled, amounts to come may never be collected or received, and if they are, the expenses and commissions are still to be

determined and this can only be done in equity. The fact that defendants have received certain amounts of the income sufficient to more than cover expenses and commissions, does not change the situation. Dickerson is not the only party entitled to be paid. The other beneficiaries are interested in the fund that may remain after expenses and commissions are deducted. If one can maintain an action at law, so can the others with the result that the fund might be dissipated by successive actions at law without notice to all parties interested. The direction in the decree is to pay over to Beltz to be applied by him. This is not an action by Beltz to compel such payment, but on behalf of an alleged assignee of one of those to whom he is to distribute. There is no obligation on defendants to pay to such party on which a legal liability or implied promise can be founded or implied.

In view of the conclusion reached, it is unnecessary to consider the other questions discussed.

Judgment and orders reversed, with thirty dollars costs, and judgment directed for defendant-appellants dismissing the complaint, with costs, but without prejudice to a new action.

BIJUR and MULLAN, JJ., concur.

Judgment and orders reversed, with thirty dollars costs.