MORRIS HOFFMAN, Plaintiff, *v.* ISIDORE NAGLER et al., as Trustees of the Retirement Fund of the Coat and Suit Industry in the New York Metropolitan Area, Defendants.

Municipal Court of the City of New York, Borough of Manhattan, October 9, 1954.

*Emil Schlesinger* and *Max Bloom* for Joseph L. Dubow and others, defendants.

*Harris Koppelman* for plaintiff.

M. SHAPIRO, J. The answering defendants move for judgment on the pleadings pursuant to section 91 of the New York City Municipal Court Code and rule 112 of the Rules of Civil Practice, or in the alternative for leave to amend their answer by adding a separate and complete defense alleging that this court does not have jurisdiction of the subject matter of the action.

On a motion for judgment on the pleadings, affidavits cannot be considered except under very limited circumstances not shown to exist here (*Chance* v. *Guaranty Trust Co.*, 256 App. Div. 840; *Drimmer* v. *Rand McNally & Co.*, 111 N. Y. S. 2d 902, 905; *Owens* v. *Owens*, 205 Misc. 506), and this branch of the motion has been considered without resort to the affidavit submitted on behalf of the defendants.

The action was instituted against the defendants as trustees of the retirement fund of the coat and suit industry in the New York metropolitan area and the complaint alleges that the defendants are the trustees and in charge of such fund, and as such trustees they have charge and control of funds held for the

benefit of union employees in the cloak and suit industry who are entitled to payment after retirement on reaching the age of sixty-five years. The retirement fund is alleged to have been set up for the benefit of such workers who were members of the union, and that in consideration of such membership and the payment of dues by such workers, who have been employed in the trade over a certain period of time, the trustees, pursuant to and under such trust agreed to pay to plaintiff as a member of the union in good standing on reaching the age of sixty-five years the sum of $65 per month; that the plaintiff is over the age of sixty-five years, and a member in good standing. It is alleged further that the retirement fund was established prior to 1951, at which time the plaintiff had already reached the age of sixty-five; that he was a member of the union and still in good standing and worked in the industry for the required period; that the benefits were established for the plaintiff and others employed in the industry and plaintiff was employed by employers who maintained shops in which union employees are employed; that in 1950, the plaintiff reached the age of sixty-five, had been employed in the industry over twenty-five years, was then and still is a member in good standing of the union; that plaintiff's employers made contributions to the retirement fund for the benefit of the plaintiff and other employees similarly situated; that plaintiff made written demand and application to the retirement fund for the payment of $65 per month, which payment was refused; that there is a sufficient sum in possession of the defendants, as such trustees, to pay the amount sought by plaintiff; and that there is now unpaid to plaintiff the sum of at least $1,690, with interest, as and for such retirement payments, no part of which has been paid, although duly demanded. The complaint concludes with a demand for a money judgment in the sum of $1,690, with interest.

The defendants contend that the action is equitable in nature, since the plaintiff seeks to enforce his alleged rights as beneficiary under a trust agreement, and is not within the jurisdictional powers of this court. The plaintiff, on the other hand, asserts that the complaint sets forth an action at law for money had and received, and is within the jurisdiction of this court.

It is obvious, therefore, that the determination of this motion hinges entirely upon the nature of the cause of action alleged in the complaint.

It is clear from the complaint that the rights of the plaintiff, if any, are predicated on the theory that he is a beneficiary of the trust fund.

It is well settled that the remedies of the beneficiary of a trust against the trustee, to declare and enforce his rights, are exclusively equitable. (*Markowitz* v. *Atlas Powder Co.,* 117 N. Y S. 2d 130; *Husted* v. *Thomson,* 158 N. Y. 328; *Durham* v. *Perkins,* 270 App. Div. 739; *Batchis* v. *Leask,* 149 App. Div. 713; Restatement, Trusts, § 197; 2 Perry on Trusts [7th ed.], § 843; 2 Scott on Trusts, § 198.)

In *Husted* v. *Thomson* (*supra*) the court said (p. 335): "It is the peculiar province of that court [equity] to supervise the execution of trusts, the distribution of trust property and the conduct of trustees in managing trust estates. With all interested persons before it, its decrees protect all interests and enforce all rights."

In the Restatement of the Law of Trusts, it is said (§ 197, comment b): "The creation of a trust is conceived of as a conveyance of the beneficial interest in the trust property rather than as a contract. Moreover, questions of the administration of trusts have always been regarded as of a kind which can adequately be dealt with in a suit in equity rather than in an action at law * * *. The mere fact that there may happen to be a promise in words by the trustee to perform the trust does not give the common-law courts concurrent jurisdiction over the administration of the trust."

An action at law, by one of several beneficiaries of trust funds against the trustees to recover a share of a trust estate is a hazardous venture (*Husted* v. *Thomson, supra,* p. 335). "An action at law by one of several beneficiaries to recover for himself alone from a trustee, as such, a share of a trust estate belonging to all, cannot be maintained, at least until the trust has been closed and the balance ascertained. (*Van Camp* v. *Searle,* 147 N. Y. 160, 161; *Davis* v. *Coburn,* 128 Mass. 377, 382.) Such an action * * * might virtually subvert the trust by taking the property of many for the benefit of one." (*Husted* v. *Thomson, supra,* p. 337.)

If, however, a trustee is under a duty to pay money immediately and unconditionally to the beneficiary, an action at law by the beneficiary will lie. This duty to pay money immediately is in the nature of an obligation creating a debt or of an engagement, the nonperformance of which may be the subject of damages at law. (*Durham* v. *Perkins,* 270 App. Div. 739, *supra;* 2 Perry on Trusts [7th ed.], § 843; *Husted* v. *Thomson, supra;* Restatement, Trusts, § 198; *Batchis* v. *Leask,* 149 App. Div. 713, *supra;* 2 Scott on Trusts, § 198.)

In Scott on Trusts (§ 198, *supra*) it is said: "Although the remedies of the beneficiary against the trustee are ordinarily exclusively by a proceeding in equity, there are certain situations in which a remedy at law has been permitted. In these situations the liability of the trustee is definite and clear and no accounting is necessary to establish it. The first situation includes cases where the trustee is under an immediate and unconditional duty to pay money to the beneficiary. The second situation includes cases in which the trustee is under a duty immediately and unconditionally to transfer a chattel to a beneficiary. In other situations it is held by the weight of authority that the remedies of the beneficiary are exclusively equitable."

And in Perry on Trusts (§ 843, *supra*) it is said: "Unless some *legal* debt has been created between the parties, or some engagement the non-performance of which may be the subject of damages at law, a court of equity is the only tribunal to which he can have recourse for redress. An action at law for money had and received will not lie against a trustee while the trust is still open; but if a final account is settled, and a balance struck, an action may be maintained."

In *Durham* v. *Perkins* (270 App. Div. 739, 744, *supra*) the court said: "The administration of trusts is the prerogative of courts of equity. Such courts appear to be the only ones to which the parties to a trust can have recourse for redress, in the absence, at least, of an obligation creating a debt, or of an engagement the nonperformance of which may be the subject of damages at law."

There is an obvious distinction between a trust and a debt. A fiduciary relation exists between a trustee and a beneficiary, while no fiduciary relation exists between a debtor and creditor as such. (*Ramsey* v. *Ramsey*, 351 Pa. 413.)

It would appear then that the rule is that unless some definite and clear legal debt has been created between the parties, or some engagement, the nonperformance of which may be the subject of damages at law, a court of equity is the only tribunal to which the beneficiary of a trust can have recourse or redress.

The question is whether the complaint sufficiently states the ascertainment of some definite and clear legal debt, or the equivalent thereof. In the opinion of the court, exercising the utmost liberality, the complaint cannot be interpreted as setting forth a definite and clear legal debt or its equivalent.

Notwithstanding the nature of the formal demand of the plaintiff for a money judgment, the character of the action is equitable in nature and this court does not have jurisdiction.

The determination made here makes it unnecessary to pass upon the defendants' alternative motion to amend the answer to plead the lack of jurisdiction of this court of the subject matter of the action. Parenthetically, it might be said that an attack upon the jurisdiction of the court of the subject matter of an action may be made at any time and there is no necessity for such an allegation in the answer.

Defendants' motion for judgment on the pleadings is granted.