Per Curiam.

A trust was created by the provisions establishing the retirement fund, contained in the collective agreement dated June 28,1943 upon which plaintiff relies. A consideration in determining whether a trust has been created is the intention of the parties (1 Scott, Trusts [2d ed.], § 12.2). In the instant case a reading of the provisions of the 1943 agreement, relating to establishment of the retirement fund, makes manifest that the creation of a trust was intended. The fund established by the said agreement was a distinct fund, consisting of employers ’ contributions paid over to the members of the retirement board, as “ Trustees ” of the fund. It was to be used solely for the benefit of those members of the “Union,” working in a shop covered by the agreement, who, upon reaching the age of 65 and otherwise qualifying for retirement "benefits under the rules and regulations of the fund, thereby became beneficiaries of the fund entitling them to payment of benefits therefrom. Thus, the elements essential to the creation of a valid trust of personal property were contained in the agreement upon which plaintiff bases his right to recover. Since a trust was created by the 1943 agreement, with the retirement fund constituting the trust res and the members of the retirement board expressly designated as trustees thereof, it follows that plaintiff, in seeking to recover payments out of the trust fund, must establish that he is a beneficiary of the trust. An adjudication with respect *895 thereto involves a construction of the provisions of the trust agreement. Until there is a determination that plaintiff is a beneficiary of the trust, the legal obligation, if any, of the members of the retirement board to make payments to plaintiff out of the fund cannot be ascertained. The instant action is fundamentally and essentially one to declare and enforce the rights of plaintiff in a trust fund, as a purported beneficiary thereof. Such relief can be had only in a court possessing equitable jurisdiction (Husted v. Thomson, 158 N. Y. 328; Durham v. Perkins, 270 App. Div. 739; Batchis v. Leask, 149 App. Div. 713; Hoffman v. Nagler, 206 Misc. 623, affd. without opinion App. Term, First Dept., N. Y. L. J., Jan. 28, 1955, p. 7, col. 6, motion for reargument or for leave to appeal denied N. Y. L. J., Feb. 14, 1955, p. 7, col. 5). The Municipal Court of the City of New York lacks such jurisdiction and the complaint herein must be dismissed, without prejudice to plaintiff’s right, if he be so advised, to seek an adjudication of his rights in the proper forum. (Acker v. Hanioti, 276 App. Div. 78, motion for reargument or leave to appeal denied 276 App. Div. 894; Petrides v. Park Hill Restaurant, 265 App. Div. 509; Hoffman v. Nagler, supra; Tepper v. Minicus, 100 N. Y. S. 2d 48 [App. Term, 2d Dept.].)
The order denying defendants’ motion to dismiss the complaint under subdivision 1 of rule 107 of the Buies of Civil Practice should be unanimously reversed on the law, with $10 costs to the defendants, and motion granted. Appeal by the plaintiff from an order denying his motion for summary judgment dismissed as academic.
Concur — Pette, Di Uiovanna and Brown, JJ.
Order reversed, etc.