Per Curiam.

The Civil Court, which has no general equity jurisdiction except as specifically provided by statute, does not have jurisdiction of the subject matter of an action against the trustees of a pension fund to recover pension benefits, requiring in the first instance a declaration that plaintiff is a beneficiary of the trust and enforcing his rights as a beneficiary thereof, relief of an equitable nature which can be had only in a court possessing equitable jurisdiction (Milberg v. Nagler, 17 Misc 2d 893 [App. Term, 2d Dept.], mot. for lv. to app. den. 7 A D 2d 1010; Hoffman v. Nagler, 206 Misc. 623, affd. without opn. sub nom. Hoffman v. Dubow [App. Term, 1st Dept.], N. Y. L. J., Jan. 28, 1955, p. 7, col. 6, mot. for lv. for rearg. or for lv. to app. den. N. Y. L. J., Feb. 14, 1955, p. 7, col. 5; 44 N. Y. Jur., Pensions and Retirement Systems, § 11). Accordingly, the proceedings had in the court below are a nullity.
Subdivision f of section 19 of article VI of . the Constitution of the State of New York provides: “ The courts for the city of New York established pursuant to section fifteen of this article shall transfer to the supreme court or the surrogate’s court or the family court any action or proceeding which has not been transferred to them from any of said courts and over which the said courts for the city of New York have no jurisdiction ”.
In view of the constitutional mandate, transfer of this action to the Supreme Court, New York County, is required on the court’s own motion.
The judgment should be reversed, without costs, with a direction that the action be transferred to the Supreme Court, New York County.
Concur — Streit, J. P., Cold and Quinn, JJ.
Judgment reversed, etc.