■ In the Matter of JOSEPH HELLMAN et al., as Trustees of GRAPHIC ARTS INTERNATIONAL UNION, LOCAL 119B NEW YORK — PRINTERS LEAGUE SPECIAL DISPLACEMENT BENEFIT FUND, Appellants, v. HYMAN I. PLOSS, Respondent. In the Matter of ARTHUR GROSSMAN, as Vice-President of GRAPHIC ARTS INTERNATIONAL UNION, LOCAL 119B New York, Appellant, v. HYMAN I. PLOSS, Respondent.— In each of two proceedings under CPLR 325 (subds. [a], [b])· to remove from the Civil Court of the City of ·New York, Small Claims Part, County of Kings, to the Supreme Court, Kings County, a pending action entitled "Hyman I. Ploss v. Trustees for Special Displacement Trust and Graphic Arts International Union Local 119", the appeals are from two orders of the Supreme Court, Kings County, both dated May 14, 1974 (one in each proceeding), which denied the applications. Orders reversed, on the law, ·without costs, and applications granted. A trust fund was created by the defendant labor union, to be administered under a document known as "The Plan", effective September 1, 1966. The provisions of "The Plan" must be construed. Before payment to respondent can be made from the fund there must be a determination that he is a beneficiary of the trust. The nature of the action brought by him is to declare and enforce his rights in a trust fund, as a purported beneficiary. Only a court possessing equitable jurisdiction can grant such relief (Husted v. Thomson, 158 N. Y. 328; Durham v. Perkins, 270 App. Div. 739; Batchis v. Leask, 149 App. Div. 713). The Civil Court of the City of New York lacks such equitable jurisdiction. Gulotta, P. J., Hopkins and Cohalan, JJ., concur; Shapiro, J., dissents and votes to affirm, with the following memorandum, in which Munder, J., concurs: The issues in this appeal arise from the denial by Special Term of applications under CPLR 325 (subds. [a], [b]) to transfer an action brought in the Small Claims Part of the Civil Court of the City of New York, Kings County, to the Supreme Court. The Small Claims Court action was instituted by respondent to recover supplemental weekly unemployment benefits from the moving parties, the appellants, Trustees of Graphic Arts

International·Union, Local 119B New York — Printers League Specal Displacement Benefit Fund and the Graphic Arts Union, Local 119B New York. The quesions to be determined are (1) whether the action sought to be removed, though on its face an action for a sum of money, $500, under a supplemental unemployment benefits plan maintained by the appellant union local, is one which seeks equitable relief, which is not within the statutorily limited jurisdiction of the Civil Court, and (2) whether the fact that the claimant in the Small Claims action is entitled to an amount in excess of $500, if his claim has any merit, results in denial of the jurisdiction of that court over the claim, requiring its removal from the Small Claims Part (CCA 1801). If the answer to the first question is in the affirmative, there is no need to deal with the second question, since it would require a reversal of Special Term's denial of the applications. If the answer is in the negative, there would remain the question of the effect on the Small Claims Part's jurisdiction over the action if the plaintiff is in fact entitled to more than $500 of supplemental weekly unemployment benefit payments under "The Plan" for the period covered by his action, March 25, 1973 to June 25, 1973. The affidavit of James E. Horne on behalf of the trustees of the benefit fund, in addition to conceding that the plaintiff, "if he is entitled to any recovery at all," would recover "in excess of" $500, contains the conclusory allegations that the part of "The Plan" governing the matter of supplemental unemployment benefits "requires the exercise by the Trustees of an informed fiduciary discretion in determining matters of eligibility" and that therefore "plaintiff's claim in said Small Claims Part is necessarily based upon a theory of breach of fiduciary duty; such a claim necessarily seeks relief of an equitable nature." There is no mention of which aspect of the standards of eligibility for such benefits set forth in part III of "The Plan" requires the exercise by the trustees of "an informed fiduciary discretion". In denying appellants' applications, the Special Term Justice said: "The Plan gives explicit details of the requirements for eligibility, the number and amount of benefits, and the circumstances under which benefits are terminated. The Plan is so explicit that it obviates a need for the exercise of an 'informed fiduciary discretion' on the part of anyone who has to decide whether the plaintiff was entitled to weekly unemployment benefits during the period stated in the notice issued by the Small Claims Part of the Civil Court." The Justice's reference to the circumstances under which benefits are terminated probably stemmed from the fact that plaintiff, in his opposing affidavit, stated that he had requested the unemployment benefit payments from the trustees and that they "denied payment, after they made payment of two weeks unemployment supplementing the payments by the United States Government". This allegation was nowhere contradicted either by the trustees or by the vice-president of the codefendant union. The latter, like the trustees, asserted only that plaintiff had applied for supplemental unemployment benefits and his application "was denied by the Board of Trustees" and that, therefore, "in asserting this claim, plaintiff is necessarily proceeding upon a theory of breach or improper exercise of fiduciary duties and obligations," a claim characterized as "of an equitable nature," involving "relief of an equitable nature". There is no explanation in either affidavit of what made the trustees' determination an exercise of "fiduciary duties" or of why the trustees who, as a necessary concomitant of granting plaintiff payment of two weeks' unemployment supplementary benefits, had not already determined that he had met the eligibility requirements of "The Plan"; nor is there even the slightest attempt to explain how he thereafter lost this eligibility. No reference is made in either of the

affidavits to the provisions of "The Plan" governing termination of benefits, a matter which becomes relevant in view of the uncontradicted claim of respondent that the trustees approved the payment to him of unemployment benefits for two weeks before refusing him any further benefits. "The Plan" provision governing termination of benefits declares that eligibility for supplemental unemployment benefits will terminate if the recipient becomes eligible for normal or early pension benefits from the union's pension fund or if he "twice refuses to accept a job for which he is qualified, * * * unless he presents a justifiable reason for such refusals to the Fund Office. In the event of a difference of opinion, the employee shall have the right to appeal to the Board of Trustees by filing a written statement within 30 days after he has been ruled ineligible. The decision of the Board of Trustees will be final and conclusive." Since appellants make no mention of this provision or in any way seek to justify their action in terminating respondent's supplemental unemployment benefits under "The Plan", that provision cannot act as a base for their claim that the determination by the trustees of the issue of respondent's eligibility for such benefits involves an exercise on their part of "an informed fiduciary discretion". It is obvious that the Civil Court of the City of New York has no equitable jurisdiction, except as specifically provided by statute, and, therefore, has no jurisdiction of the subject matter of an action against the trustees of a pension fund to recover pension benefits, which requires, in the first instance, a declaration by them that the plaintiff is a beneficiary of the trust. That kind of a declaration of his rights as a beneficiary would require relief of an equitable nature which could be obtained only from a court possessing equitable jurisdiction (*Kaminsky* v. *Connolly,* 73 Misc 2d 789, citing *Milberg* v. *Nagler,* 17 Misc 2d 893, mot. for lv. to app. den. 7 A D 2d 1010; *Hoffman* v. *Nagler,* 206 Misc. 623, affd. *sub nom. Hoffman* v. *Dubow,* N. Y. L. J., Jan. 28, 1955, p. 7, col. 6, mot. for lv. to rearg. or for lv. to app. den. N. Y. L. J., Feb. 14, 1955, p. 7, col. 5). However, Scott on Trusts (vol. 3, § 198) states: "Although the remedies of the beneficiary against the trustee are ordinarily exclusively by a proceeding in equity, there are certain situations in which a remedy at law has been permitted. In these situations the liability of the trustee is definite and clear and no accounting is necessary to establish it. *The first situation includes cases where the trustee is under an immediate and unconditional duty to pay money to the beneficiary*" (emphasis supplied). In *Milberg* v. *Nagler* (*supra*, p. 895), the Appellate Term, Second Department, in holding that the former Municipal Court of the City of New York lacked equitable jurisdiction to entertain a suit for payments out of a retirement fund held and administered by trustees on the ground that an adjudication with respect to the plaintiff's eligibility for retirement benefits under the fund involved a construction of the provisions of the trust, which could be given only in a court possessing equitable jurisdiction, said: "Until there is a determination that plaintiff is a beneficiary of the trust, the legal obligation, if any, of the members of the retirement board to make payments to plaintiff out of the fund cannot be ascertained." Here, there has been such a determination by reason of the fact that the plaintiff was paid under the trust *as a beneficiary* for two weeks. And in *Batchis* v. *Leask* (149 App. Div. 713, 715), the court said: "An action to enforce a trust can only be brought by a beneficiary, and it must be in equity. But if there has been an accounting and promise to pay, or the equivalent thereof, an action at law may be brought for the ascertained sum; * * * The question is whether the complaint sufficiently states the ascertainment of a sum due and promise to pay, or the equivalent thereof." The record here

clearly shows that the eligibility of the plaintiff for payments of supplemental unemployment benefits has been affirmatively determined by the trustees of "The Plan". The amount due him under "The Plan" for the period he sued for has also been ascertained. No effort has been made by the trustees to invoke the provision of "The Plan" governing termination of benefits. They concede that if he is eligible for the benefits he seeks under "The Plan" he would be entitled to more than the $500 he sued for. Instead of setting forth in their affidavits facts to show that such payment by them would require exercise of their fiduciary duties, they rely *solely* on the fact that they are trustees administering the funds of "The Plan". But the word "trust" has no special talismanic value. Standing alone, it does not *ipso facto* limit suits against them to a court with equitable powers. All that is sought in the lawsuit is a dollar sum which is conceded by appellants to be less than the sum owing the plaintiff if he is eligible therefore; and this issue is out of the case, since the trustees, by granting him payments for two weeks, have made his eligibility clear. Hence, their contention that the resolution of the plaintiff's claim requires the power of a court of equity is without basis in law. Quite in point here is the quotation from the Restatement on Trusts 2d (vol. 1, § 198, p. 434), which reads: " (1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment." The second issue raised by appellants is completely devoid of merit. They seek to take advantage of the fact that the plaintiff, although asserting a claim against "The Plan" for $540 in supplemental unemployment benefits, sued for the maximum allowable in the Small Claims Court, $500; (CCA 1801). Appellants contend that, in so doing, respondent is "splitting causes of action" and argue that Special Term committed error when it rejected their contention that the plaintiff's claim is not a "small claim", because, if he is entitled to any recovery at all, it would be in excess of $500. Special Term properly held: "If the plaintiff would be entitled to recover in excess of the $500.00 jurisdictional limit of the Small Claims Part, he would be limited to $500.00." To deny access to the Small Claims Court to a plaintiff who elects to seek judgment for a maximum of $500 when his claim, as here, is $540, is to ignore the policy embodied in CCA article 18 which seeks to provide a simple, informal low cost method of resolving litigation involving small claims — claims up to $500. It would result in unfairly penalizing a claimant who is willing to waive a part of his claim in order to avail himself of the benefits of speed and low cost offered by the Small Claims Part in pressing his claim. Contrary to the contention of appellants, CCA 1808 makes it clear that the plaintiff, if he received the $500 sued for, could not thereafter sue for the balance of $40, since the determination in his favor would be *res judicata* "as to the amount involved in the particular action."