ANTHONY BOZZUFFI, Respondent, *v.* HENRI DARRIEUSECQ, Respondent, Appellant, and 617 FIFTH AVENUE CORPORATION, Appellant.

Supreme Court, Appellate Term, First Department, June 9, 1925.

Parties — Joinder of parties — purpose of Civil Practice Act, § 193, subd. 2, authorizing bringing in of new defendant is to enable mutual rights of defendants to be determined in one action with plaintiff — remedy may not operate to impede plaintiff in proceeding against original party defendant — landlord and tenant — action by tenant for return of deposit from his landlord — landlord, having sold premises, brought in purchaser thereof as party defendant under provisions of Civil Practice Act, § 193, subd. 2 — judgment against purchaser error in absence of privity of relation between plaintiff and said defendant — judgment dismissing complaint against plaintiff's landlord reversible error.

The purpose of subdivision 2 of section 193 of the Civil Practice Act, authorizing the bringing in of a new defendant, is not to substitute said defendant for the original defendant as in the case of interpleader, but to enable the mutual rights of the two defendants, as well as those of the plaintiff, to be determined in one action.     Moreover, the controversy between the defendants should not delay a judgment to which the plaintiff is entitled, nor operate to impede his progress against the original party or to compel said plaintiff to accept the liability of a stranger.

Accordingly, it was reversible error to dismiss the complaint of a tenant, in an action against his landlord for the return of a deposit as security for the faithful performance of his lease, where it appears that said landlord, having sold the premises occupied by the tenant, whose lease was thereupon terminated, brought in the purchaser thereof as a party defendant under subdivision 2 of section 193 of the Civil Practice Act, and that upon the trial of the action the court gave judgment for said tenant against the impleaded defendant and dismissed the complaint against the landlord, since, in the absence of any privity of relation between said tenant and the impleaded defendant, said judgment cannot be sustained; the tenant's original landlord was the only party he could hold liable for the return of the deposit in the absence of any transfer of said landlord's liability for the deposit.

CROSS-APPEALS by defendants from a judgment of the Municipal Court, Borough of Manhattan, Sixth District, rendered in favor of the plaintiff for the sum of $833.33 against the defendant 617 Fifth Avenue Corporation, and dismissing the complaint against the defendant Henri Darrieusecq.

*Abraham J. Bernstein* [*Isador Goetz* of counsel], for the appellant.

*Charles Recht* [*Milton Frank* of counsel], for the respondent.

*Black, Varian & Simon* [*Herbert M. Simon* of counsel], for the defendant Darrieusecq.

LEVY, J.:

The owner of the premises 322 West Seventy-second street leased them to defendant Darrieusecq for a term of five years under a written lease which contained an option of cancellation by the lessor in the event of the sale of the property, and the lessee was required to deposit the sum of $833.34 as security for his faithful performance. Thereafter the aforesaid defendant sublet the premises to the plaintiff by a written lease for the balance of his term, and took from him a like sum of $833.34 as security. The impleaded defendant, 617 Fifth Avenue Corporation, purchased the property from the owner, and expressly assumed all the obligations of the latter to Darrieusecq under said lease. The new owner took advantage of its privilege to cancel, and plaintiff's lease in consequence was terminated. He thereupon brought an action against Darrieusecq, his immediate landlord, for the return of the deposit. The latter then moved under subdivision 2 of section 193 of the Civil Practice Act, for leave to bring in the 617 Fifth Avenue Corporation as a party defendant and to serve a supplemental summons and pleading. This was granted apparently on the theory that for any possible liability toward the plaintiff, Darrieusecq was entitled to be indemnified by the proposed defendant named.

Upon the trial of the action the court gave judgment in favor of the plaintiff but against the impleaded defendant, the 617 Fifth Avenue Corporation, and dismissed the complaint against the defendant Darrieusecq. This disposition of the matter was clearly erroneous. If the plaintiff had any cause of action for the return of the deposit, it was against his immediate landlord. There was no privity of relation between him and the impleaded defendant, and no transfer of Darrieusecq's possible liability for the deposit in fact or in law to the 617 Fifth Avenue Corporation. On no principle, therefore, can the plaintiff's judgment against the impleaded corporation be sustained. But his complaint against Darrieusecq, the only party he could hold liable, was dismissed

and from this disposition he has taken no appeal, in the erroneous belief, very likely, that his judgment against the other defendant was the only relief to which he was entitled. On the other hand, Darrieusecq has appealed from the dismissal of his complaint against the codefendant, which determination was based on the obviously mistaken view of the trial court that the judgment of the plaintiff against the 617 Fifth Avenue Corporation finally disposed of the rights of the three parties in the premises.

This entire result was brought about by a misconstruction of the effect of the provision of the Civil Practice Act under which the relief was sought. A mere reading of the words of that statute will show that its purpose was to authorize the bringing in of a new defendant, not in order to substitute the latter for the original defendant as in the case of interpleader, but to enable the mutual rights of the two defendants as well as those of the plaintiff to be determined in the one action. This view is confirmed by the language of subdivision 4 of the same section requiring that " the controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs."

Since the controversy between the defendants should not continue to the prejudice of the plaintiff, it is evident that subdivision 2 of section 193 of the Civil Practice Act merely furnishes a remedy to a defendant against his proposed codefendant in the given action. It cannot operate to impede the plaintiff's progress in his pursuit against the original party, or to compel him to accept the alleged liability of a stranger, to his debtor, on substitution of the latter's obligation to him. The result of the litigation, if favorable to the claim of the plaintiff and to the position of the defendant as against his codefendant, should be a judgment for the plaintiff against the party defendant sued in the first instance, and a judgment by the latter against the codefendant as if separately tried. It is evident that the erroneous judgment here reviewed was influenced by the analogy of the practice in interpleader, which has no application whatever to the provisions of section 193.

This, undoubtedly, was not a proper case for the application of subdivision 2 of section 193 of the Civil Practice Act, but as the defendant, the 617 Fifth Avenue Corporation, has not raised the question of the propriety of its joinder as a party defendant, by appeal the point cannot now be reviewed. Therefore, the interests of justice make imperative a new trial in this action, which can safely proceed without prejudice to the rights of any of the parties.

Judgment reversed and a new trial ordered, without costs of appeal to either party.

All concur; present, Bijur, McGoldrick and Levy, JJ.