Elizabeth McCrorken, Plaintiff, *v.* William Spiegel, Trading as Queens Cleaners & Dyers, Appellant, and Julius Brauner, Respondent.

Supreme Court, Appellate Term, First Department, June 14, 1926.

**Judgments — Municipal Court Code, § 127, permits rendering judgment as between defendants — judgment in favor of plaintiff in action for conversion of coat against defendant to whom delivery was made and in same amount in latter's favor against defendant who cleaned coat proper — Civil Practice Act, § 193, permits practice — failure to comply with Municipal Court Code, § 83, not fatal to judgment.**

A judgment rendered against the defendant, in the Municipal Court of the City of New York, in favor of the plaintiff in an action for the conversion of a coat delivered to said defendant for cleaning and against his codefendant, to whom the coat was turned over for the actual cleaning, for the identical sum of money returned against the first defendant, was proper under section 127 of the Municipal Court Code. Section 193 of the Civil Practice Act also permits the Municipal Court to determine the controversy as between parties before it as was done in this instance.

The failure of the defendant in his answer to demand a determination of his claim against the codefendant, as required by section 83 of the Municipal Court Code, which defect has not been raised, is not fatal to the judgment.

Appeal by defendant Spiegel from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, after a trial before the court, without a jury, entered in favor of his codefendant, Brauner.

*Charles Drescher*, for the plaintiff.

*Forrest E. Single*, for the appellant Spiegel.

*Oscar Marks*, for the respondent Brauner.

Levy, J. The plaintiff instituted the action below in conversion. It appears that she delivered to the defendant Brauner a lady's

coat for the purpose of having it cleaned. Brauner turned the coat over to Spiegel who conducted a cleaning and dyeing establishment in Queens. The coat was never returned to her and so she commenced action against both defendants. Brauner testified as a witness in her behalf, urging that the coat was never returned to him by Spiegel. In behalf of the latter the proofs were that every garment which Brauner had delivered to Spiegel had been duly returned. The trial court thereupon rendered judgment in behalf of the plaintiff against Brauner and in favor of Brauner for the identical sum against Spiegel. It is from the latter feature of the judgment that the appeal was taken.

It is argued in behalf of the appellant, not that the procedure was faulty, but that the court was without power to render any judgment as between defendants, and section 127 of the Municipal Court Code is thus relied upon. A reading of this provision indicates most unequivocally that the point is without merit; in fact, the diametric opposite will be found as its very wording confers jurisdiction upon the trial court to do the very thing which it did in the premises. But even if this were not so, as indeed it is, it clearly appears that section 193 of the Civil Practice Act certainly admits of the right in the court to determine the controversy as between the parties before it as in the instant case. Furthermore, it authorizes the court to bring in a third person, not then a party to the action, who is or will be liable to any party originally named in the litigation wholly or in part for the claim made against the latter. Thus, this court has approved applications to implead codefendants in situations precisely like the one here involved. (*Bozzuffi* v. *Darrieusecq*, 125 Misc. 178; *Federal Lighterage Co., Inc.,* v. *Italia-America S. Corp.,* Id. 181.)

But the difficulty seems to lie in the point that has neither been raised below nor before us on this appeal, which has reference to the requirements of section 83 of the Municipal Court Code. There it is provided that when the judgment may determine the ultimate rights of two or more defendants as between themselves, " * * * a defendant must demand such a determination in his answer, which must be in writing; and a copy of such answer must be served at least two days before trial, *or at such other time as the court shall direct,* * * *.* " (Italics ours.) It is not even pretended that compliance with this provision of statute has been made; at the same time were the point urged below, obviously, upon appropriate application, it would have been within the power of the court to direct that a suitable pleading in writing be served, and thus within its province to have cured the defect. In this

32

connection, it must be borne in mind that the trial court rendered judgment upon the conclusion of the trial and incidentally indicated some very brief views in support of its finding. Aside from a question of possible waiver, the appellant could at that time very easily have presented the objection to the procedure, but he did not do so. He later moved on papers to set aside the judgment and for a new trial, again having the opportunity of urging the point, but he likewise failed on this occasion. May we not assume, therefore, that he was not concerned about raising the precise question?

In any event, while having relation to a situation radically different from the one under consideration, we think the language of the Court of Appeals in *Wood* v. *Duff-Gordon* (222 N. Y. 88, 91) very appropriate here: " The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day." So, feeling that the " slip " of the defendant Brauner in these circumstances is not fatal, and as the judgment of the court evidently goes to meet the demand for substantial justice, the judgment is affirmed, with twenty-five dollars costs.

All concur; present, Bijur, O'Malley and Levy, JJ.