BESSIE LEVINE and SOL LEVINE, Plaintiffs, *v.* SARAH BORENSTEIN, Defendant. ALLERTON AUTO SERVICE, INC., and VINCENT FELLI, Impleaded Defendants.

Municipal Court of New York, Borough of Bronx, First District, September 14, 1936.

*Frederick Mellor*, for the defendant Sarah Borenstein, for the motion.

*Samuel Weiser* [*Jerome M. Schwartz* of counsel], for the defendant Allerton Auto Service, Inc., opposed.

SULLIVAN (DANIEL V.), J.    In this action to recover damages for personal injuries the plaintiffs originally sought to hold the defendant Borenstein solely liable.

Pursuant to subdivision 2 of section 193 of the Civil Practice Act, such defendant obtained an order of this court bringing in the other parties and served upon them a supplemental summons and a pleading in the nature of a cross-complaint in accordance with section 264 of the Civil Practice Act, demanding judgment, with costs, in her favor against them in such amount as she might be required to respond.

Thereafter the plaintiffs, in their own behalf, procured the issuance of a supplemental summons and served a complaint against these additional parties.

Issue was joined as between the various parties. The action was tried before the court and a jury. All issues raised by the several pleadings and the proofs were submitted to the jury for their determination. A verdict was returned for all defendants.

The defendant Allerton Auto Service, Inc., has taxed costs against the plaintiffs and also against the defendant Borenstein, which she seeks to strike from the judgment entered in the action in so far as it affects her. Costs are statutory. (Mun. Ct. Code, § 164.)

The effect of the verdict appears to be that as between the defendant Borenstein and the defendant Allerton Auto Service, Inc., it is the prevailing party. (*Bozzuffi* v. *Darrieusecq*, 125 Misc. 178.) Upon this motion the former should be viewed as a plaintiff and the latter as a defendant. Regarding or treating them otherwise would, under the circumstances herein, seem unjust to the opposing defendant brought into the case at the instance of the original defendant, and thereby required at its own risk and expense, to meet issues which became complicated upon the trial. If the jury had found for the plaintiffs as against her and for her as against the other defendants, then she would have been entitled to the costs she demanded.

The motion to retax the costs is denied.