MYRON MASON, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY and MARY MASON, Defendants, Impleaded with ELLA MASON (Correct Name Being VIOLET E. MASON), Appellant.

Fourth Department, January 11, 1939.

A. *Irving Milch*, for the appellant.

*Andrew B. Gilfillan, Jr.*, for the respondent.

PER CURIAM. This is an appeal from a judgment of the Special Term of the Supreme Court, affirming a judgment of the Buffalo City Court in favor of the plaintiff and against defendants Mary Mason and Ella Mason. Defendant insurance company issued three policies of insurance on the life of Mary Mason and thereafter canceled the same for reasons not here important. Plaintiff sued the insurance company to recover the premiums that had been paid on the policies. He made the insured Mary Mason, who is his mother, and the appellant, Ella Mason, who is his wife, parties defendant, alleging that they had or claimed some interest in the premiums sought to be recovered, which interest he sought to have determined.

The defendant insurance company moved to be let out on paying the amount of the premiums into court. (Buffalo City Court Act, § 44.) An order was made granting the motion.

Plaintiff and appellant then litigated the question of who had paid the premiums, and the City Court determined that the plaintiff had paid them and granted a money judgment against appellant and his mother, Mary Mason. This judgment was improper, in any case. No claim was ever made that Ella Mason or Mary Mason or either of them owed plaintiff anything.

Furthermore any finding that plaintiff paid the premiums is contrary to the evidence. The most that plaintiff claimed, on the trial, was that he knew of no way in which the appellant could have paid the premiums excepting out of his funds, though he admitted that he knew of his wife's employment to do work on her own account. She, on the other hand, swore positively that she paid all the premiums out of money which she earned.

This action by the granting of the motion became one in the nature of interpleader, a suit to determine as between rival claimants to a fund. It is an equitable action. Though section 44 of the Buffalo City Court Act purports to give the City Court jurisdiction of such an action, the section is unconstitutional. (State Const. art. 6, § 18.)

Under these circumstances the judgments of Buffalo City Court and of the Supreme Court should be reversed on the law, with costs, and the complaint dismissed, with costs.

The deposit of money which the insurance company paid into court remains to be sought in such manner' as the parties may be advised.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgments reversed on the law, with costs, and complaint dismissed, with costs in all courts.