LEWIS W. HIRSCH, Plaintiff, *v.* ALBANY SAVINGS BANK, Defendant and Third Party Plaintiff. WEINBERG TIRE CORP. et al., Third Party Defendants.

City Court of Albany, April 7, 1948.

*Frank Bearup* and *Nicholas A. Caimano* for plaintiff.

*Eugene G. Devine* for defendant and third party plaintiff.

*Meyer A. Jeneroff* and *Bernard Ellenbogen* for Weinberg Tire Corp., third party defendant.

*Edward N. Scheiberling* for See Cregan, Inc., third party defendant.

HERZOG, J. Defendant Albany Savings Bank has served a third party summons upon the above-named third party defendants. The third party summons, served pursuant to section 193-a of the Civil Practice Act, was in the form prescribed by rule 54 of the Rules of Civil Practice. The third party defendant Weinberg Tire Corp. (See Cregan, Inc., joining in the motion) appeared specially and moved to vacate and set aside the service of the third party summons upon the grounds that in form and substance it did not conform to section 27 of the Albany City Court Act (L. 1931, ch. 414), which prescribes the form of summons for use in Albany City Court actions; and that the proof of service was not filed three days before the return day, in accordance with section 33 of said act.

The question presented is whether in a court of limited jurisdiction, where the form of the summons is specially prescribed by statute, a third party summons must be in the prescribed form or in the form required by rule 54. Section 16 of the Albany City Court Act, which is similar to like provisions of the City Court acts of other cities, provides: " The provisions of the civil practice act and rules and regulations of the supreme court as they may be from time to time, shall apply to this court so far as the same can be made applicable and are not in conflict with the provisions of this act, or the rules of practice

made by the justices of this court pursuant to section eleven of this act; in case of such conflict this act or such rules shall govern."

The requirements of this section are: (1) that the provisions of the Civil Practice Act and rules can be made applicable, and (2) they are not in conflict with the provisions of the City Court Act.

The act then goes on to provide as follows (§ 25): " An action brought in the city court of Albany, *must be commenced* by the service of a summons, or the voluntary appearance of and joinder of issues by the parties." (Italics mine.)

Sections 26 and 27 prescribe the requisites and the form of the summons.

There are potent and convincing arguments on both sides of this question. The contention of the Albany Savings Bank is briefly: that the Albany City Court Act is silent as to third party actions — that, therefore, there can be no conflict between it and the Civil Practice Act or rules — and thus it naturally follows that the form prescribed by the rules must be used.

Despite the logic of this argument, it seems to me that the crux of the whole problem is whether or not the service of a third party summons is the commencement of an action or a minor procedural step in an action already commenced. There is no question but that the practice of impleader is a " procedural device ". (Recommendations Relating to the Extension of the Remedy of Impleader, Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 192–217.) This report, however, furnishes no light on the answer to our particular problem, although it repeatedly refers to impleader as " a procedural innovation, device, etc.". There, of course, can be no argument as to the use of this term.

The Legislature itself says (Civ. Prac. Act, § 193-a): " After the service of his answer, a defendant may *bring in* a person not a party to the action ". (Italics mine.)

This would indicate that the action had been commenced already and that the third party action was merely a procedural step in an action already commenced. On the other hand, rule 54 says: " An action by a third-party plaintiff, pursuant to section one hundred ninety-three-a of the civil practice act, *shall be commenced* by serving upon the third-party defendant a summons * * *." (italics mine) and then prescribes the form of the summons. It follows from this that the action — at least the third party action — is not commenced until the service of a summons on the third party defendant. Insofar

as the third party defendant is concerned, no action has been commenced until he has been served with a summons, despite the fact that the service of the summons might actually bring him into another action already commenced. No matter what terminology is used, the third party summons is the commencement of the action against the third party defendant.

It is here that I perceive a conflict between the City Court Act and the rules, for an action brought in City Court can only be commenced by service of a summons in a prescribed form. This summons differs substantially from the summons in Supreme Court actions, particularly with respect to its demand that the defendant appear in court and answer and in setting the return day at no less than six nor more than twelve days from its date. These are substantial differences that go to the very reason for the existence of courts of limited jurisdiction, as they provide a method for a speedier determination of lawsuits. The entire procedure of City Court hinges on an appearance in court on this relatively short notice and to permit the use of Supreme Court procedure would cause considerable confusion. By this I do not mean to hold that third party actions cannot be brought in the Albany City Court, but I do hold that the summons served, commencing the third party action, should be in the form prescribed by section 27. This can be modified easily to show that it is a third party action, by referring to the plaintiff as a third party plaintiff and the same for the defendant. In this way the Civil Practice Act and rules are made applicable with our act and the conflict between them settled.

The question whether the Albany City Court has jurisdiction of such third party action is not before the court at this time.

In order to determine the more important problem of the proper method of commencing third party actions in this court, I have avoided ruling on the point that no proof of service of the third party summons was filed. However, in my opinion, this alone would have made service defective. (Albany City Court Act, § 33.)

Motions of the defendants Weinberg Tire Corp. and See Cregan, Inc., to set aside the service of the third party summons are granted, without costs, with the right to third party plaintiff to plead over upon service of proper summons and complaint.