Lewis W. Hirsch, Plaintiff, *v.* Albany Savings Bank, Defendant and Third Party Plaintiff. Weinberg Tire Corp. et al., Third Party Defendants.

City Court of Albany, July 26, 1948.

*Meyer A. Jeneroff* and *Bernard Ellenbogen* for Weinberg Tire Corp., third party defendant.

*Edward N. Scheiberling* for See Cregan, Inc., third party defendant.

*Frank Bearup* and *Nicholas A. Caimano* for plaintiff.

*Eugene G. Devine* for defendant and third party plaintiff.

Herzog, J. The third party defendants, appearing specially, have moved to vacate and set aside the service of the third party summons. The grounds asserted are briefly: That section 193–a of the Civil Practice Act, and rule 54 of the Rules of Civil Practice, do not apply to actions in Albany City Court; and, further, that if they be so construed, they would be in contravention of section 18 of article VI of the Constitution of the State of New York because this would be an attempt to confer equity jurisdiction upon an inferior court.

The motion must be granted because it is my opinion that the Legislature did not intend to extend the third party practice provision to actions in Albany City Court. I reach this conclusion reluctantly, because I feel that this remedy should be available to actions in lower courts. Although counsel in his brief states that delay and confusion would result, I cannot

agree with this. The statute is remedial and I agree most emphatically with the Twelfth Annual Report of the New York Judicial Council (1946) when it says, at page 193: "Thus impleader promotes justice in addition to expediting the administration of justice."

And, at page 192: It results in "saving the time and expense both of the court and of the parties and avoiding multiplicity and circuity of action."

These advantages should certainly be available to all lower courts. "The proper trial of small causes is just as important as the trial of large causes. Small causes are just as important to those who have them as large causes to wealthier men." (Elihu Root, chairman of the Judicial Committee of the Constitutional Convention of 1894, as quoted in *Lotz* v. *Standard Vulcanite Pan Co.,* 102 Misc. 68, 81.) But, through the ingenuity of lawyers in constantly raising barriers and judges, who are in the first place lawyers, in helping to strengthen these barriers, the remedy has not been made available in all types of actions until 1946 (L. 1946, ch. 971).

I have previously held in this same action, in a decision reported at 191 Miscellaneous 415 that the summons in a third party action should conform to that of our own City Court Act. At that time the question of jurisdiction of this court to consider such actions was not raised, and through my error, not considered. That decision must be considered erroneous in view of the present holding. Further research of counsel for the third party defendants and of the court convinces me that the Legislature did not intend that section 193-a of the Civil Practice Act, should apply to Albany City Court actions. *Quære,* whether section 193 applies to actions in such court.

Section 16 of the Albany City Court Act (L. 1931, ch. 414) makes the provisions of the Civil Practice Act and the Rules of Civil Practice applicable to Albany City Court actions. However, this is only insofar as they can be made applicable and are not in conflict with the City Court Act. I think that the Legislature did not intend to make section 193-a applicable for the following reasons: (1) The provisions of rule 54 and section 193-a with regard to twenty days for an answer rather than the six-twelve days in City Court, which are in apparent conflict; (2) Absence of any express provision making this section applicable to lower courts, although in similar instances enabling legislation was enacted — e.g. five-six jury verdicts, section 463-a of the Civil Practice Act; service of summons, section 52 of the

Vehicle and Traffic Law; bills of particulars, chapter 630 of the Laws of 1936 — making the amendment specifically applicable to this court; the third and chief reason is that the Legislature has left out of section 193-a the clause which was inserted in section 193 to remedy the previous difficulties with the interpretation of that section, viz.: subdivision 3: " The provisions of this section shall be applicable to all actions whether formerly denominated legal or equitable."

Therefore, because of *Chapman* v. *Forbes* (123 N. Y. 532) I am forced to hold that the Legislature did not intend to apply this rule to actions at law in lower courts because of the absence in section 193-a of the enabling provisions of subdivision 3 of section 193.

The *Chapman* case (*supra*) deserves careful consideration because I think it has been misinterpreted as holding more than it actually held. In that case, decided in 1890, the Court of Appeals construed section 122 of the Code of Civil Procedure, which is the forerunner of the present section 193 of our Civil Practice Act. The court held that section 122 was intended to apply only to suits in equity. (See, also, *Realty Associates, Inc.,* v. *Stoothoff,* 258 App. Div. 462.) This case has been interpreted as holding that impleader changes the action from one at law to one in equity. However, an analysis of its facts shows that the case could have been decided solely on the grounds stated at pages 538-539: " The presence of no other person is required to finally determine the issue, and the determination affects no other person's rights."

That language is significant for it calls attention to the distinction between section 193 and 193-a, which is too often overlooked. A provision similar to section 193-a was not enacted until 1922 (L. 1922, ch. 624 — new sentence added to § 193) so that at the time of the *Chapman* case (*supra*) there was no such law as section 193-a. The difference is that the code provision and section 193 apply to impleader when the impleaded party, who is indispensably or conditionally necessary, is brought in for a complete determination of the issues *between the two original parties.* On the other hand, a party can be impleaded under section 193-a although neither the cause nor the grounds are the same and apparently even though the third party defendant would not have to be brought in to determine completely the issues between the original parties. In the *Chapman* case, it was simply held that section 122 of the code was not intended to apply to actions at law, and, in addition, that the third party

defendant was not necessary to a complete determination of the issues between the two original parties under the facts of that case. Thus, under this ruling, section 193–a, in the absence of an enabling provision, also cannot be construed as applying to actions in lower courts which are in law.

This holding makes unnecessary a ruling on the question of whether it would be unconstitutional to confer such authority on inferior courts. It would appear from *Mason* v. *Metropolitan Life Insurance Co.* (256 App. Div. 118) that since the grant of interpleader is unconstitutional, the allowance of impleader would certainly be. That case follows (although not cited) *Clark* v. *Mosher* (107 N. Y. 118) where it was held that interpleader made the action one of an equitable nature and trial by jury was not mandatory. The result of these cases is that courts have constantly held that interpleader makes equitable causes out of original legal actions. That may be true. However, I cannot help but think that the Legislature can make procedural devices of equitable actions applicable to legal actions without violating the Constitution. Impleader, as stated by the Judicial Council, is simply a procedural innovation and I fail to see how making applicable a procedural device, the advantages of which cannot be questioned, is to change the basic nature of an action from legal to equitable, when the relief granted is purely a money judgment and not an equitable remedy. I realize that this may sound as if I am overlooking precedent. Apparently at the present time to do so is to incite the censure of all. However, we must recognize that the law must advance or it will merit the criticism and condemnation heaped on it by so many whose mildest accusation is that it is hidebound. The distinction between law and equity is rapidly fading, and for a court to continue to refuse to permit remedial procedural devices to be enacted is to go back to the dark ages. Whatever I say on this point is dicta, but it is my opinion that it would not be unconstitutional for the Legislature to make applicable impleader to courts of inferior jurisdiction. Lest I be misunderstood. We are not trying to get more cases for our already overworked lower courts but rather to bring the many advantages of this remedial legislation, as cited by the Judicial Council in its twelfth annual report, to the courts which most need them.

Motion of the third party defendants is granted, with $3 costs, and the third party summons set aside.