THOMAS J. NOLAN, INC., Plaintiff, *v.* MARTIN AND WILLIAM SMITH, INC., et al., Defendants and Third Party Plaintiffs.

ANTHONY DE ANGELIS et al., Doing Business as DE ANGELIS PACKING Co., Third Party Defendants.

Municipal Court of the City of New York, Borough of Manhattan, January 11, 1949.

*Irvin Husin* for third party plaintiffs.

*Paul Wolfe* for third party defendants.

WHALEN, J. This is a motion by the third party defendants to dismiss the third party complaint against them on the ground that this court has no jurisdiction to entertain this or any impleader.

The grounds advanced are: (1) that the Legislature did not intend to make the third party practice, as authorized by section 193-a of the Civil Practice Act, in effect September 1, 1946, applicable to courts of inferior jurisdiction; (2) that the new legislation should be strictly construed, and (3) that the third party summons, served herein; calling for an answer within five days, is jurisdictionally defective, inasmuch as the statute, section 193-a, and rule 54 of the Rules of Civil Practice, specifically provide that a summons must be answerable in twenty days.

As to the first point, it is contended that the intent of the

Legislature to exclude courts of inferior jurisdiction from the third party practice may be gathered from the fact that neither the new statute nor the new rule makes any reference to such courts, whereas, in other instances of changes in practice, the Legislature has made express reference thereto, such as that relating to five-sixths jury verdicts, section 463-a of the Civil Practice Act, and section 52 of the Vehicle and Traffic Law.

It is argued that rule 54 of the Rules of Civil Practice, prescribing the form of a third party summons and giving the third party defendant twenty days to answer, cannot be made " applicable by implication " to the Municipal Court; that an analysis of the scope and ramifications of the new third party practice and the resultant confusion demonstrates that it could not have been the intention of the Legislature to apply the new practice to all the courts in the State; and, finally, the fact that the Judicial Council, in its report to the Legislature, on which the new practice is based, made no reference to courts of limited jurisdiction. This is said to be " cogent proof " that it did not intend any such recommendation to the Legislature.

It seems to me that this entire argument overlooks the various provisions in the Civil Practice Act and the Municipal Court Code of the City of New York conforming the practice in this court to that of the Supreme Court.

Section 1 of the Civil Practice Act says: " This act * * * shall apply to the civil practice in all the *courts of record* in the State." (Italics supplied.)

Section 1 of the Municipal Court Code (L. 1915, ch. 279, as amd.) states, in part: " The municipal court of the city of New York * * * shall be a *court of record*." (Italics supplied.)

Section 15 of our code states: " *Except as otherwise provided in this act or in the rules,* the practice, pleadings, forms and procedure in this court shall conform, *as nearly as may be,* to the practice, pleadings, forms and procedure at the time in like causes in the supreme court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding." (Italics supplied.)

Further, section 27 of the code states: " JOINDER OF PARTIES; INTERPLEADER. 1. Except as otherwise expressly provided in this act, all questions as to the joinder of parties shall be determined by the provisions of law applicable to like cases in the supreme court."

It seems to me that, in view of the above enactments of the Legislature, there is a presumption that all amendments to the

Civil Practice Act shall automatically apply to this court unless the Legislature specifically indicates otherwise. The idea of their exclusion by implication is not persuasive.

For many years impleader has been practiced in this court and has been approved by our Appellate Term. (*McCrocken* v. *Spiegel* 127 Misc. 496 [App. Term, 1st Dept., June 14, 1926].)

That practice has been so well known that the Legislature must be presumed to have been familiar with it when the new section 193-a was put in the Civil Practice Act. It would take some express statement by the Legislature, or absolutely necessary implication, to abolish such a long maintained rule of procedure. While section 193-a and rule 54 require a third party defendant to answer in twenty days, and sections 19 and 20 of the Municipal Court Code require a five-day answer, under section 15 of the Municipal Court Code, which is also an act of the Legislature, the inconsistency must be resolved in favor of the five-day provision. In this way our practice conforms " as nearly as may be " to that of the Supreme Court. With respect to the time to answer, it is " otherwise provided in this act ".

As to those instances where new legislation has been expressly made applicable to all the courts of the State, a reference to the language of section 463-a of the Civil Practice Act, authorizing five-sixths jury verdicts, gives an immediate answer to the argument. That section reads: " This section shall apply to every civil case tried by a court and jury *in any court of the state, whether a court of record or not of record,* and whether the provisions of the civil practice act are or are not applicable to such court or to trials by juries held therein." (Italics supplied.)

Obviously, the intent there was to reach courts not of record and to which the Civil Practice Act does not apply. This court is a court of record and the Civil Practice Act applies.

It may be assumed that the Legislature had the same purpose in mind when it enacted section 52 of the Vehicle and Traffic Law and said: " A summons in such an action may issue in *any court in the state* having jurisdiction of the subject matter and be served as herein provided."

It is further argued that the fact that the new rule 54 of the Rules of Civil Practice prescribes a form of summons that contains a provision for requiring the third party defendant to answer within twenty days, is a further indication of the intent of the Legislature to make the new practice inapplicable

to courts of limited jurisdiction, where a shorter time to answer is mandatory.

It is my opinion that, under the provisions of section 15 of the Municipal Court Code, rule 54 is applicable except as otherwise provided in our code.

Rule 54 is simply an amendment or amplification of rule 45, which has been in effect many years and which prescribes the form of a summons. Rule 45 applies, also, to all courts, and the form of summons requires an answer within twenty days. Yet it has never been held that a lower court lost jurisdiction because of failure to comply with rule 45. Rule 54 merely purports to give the form to be used in a third party summons, and apparently, that was its only intent. It says that '' The summons shall be in *substantially* the following form ''. (Italics supplied.) Where lower courts are concerned, the time to answer must be modified according to their own respective codes.

If it be thought that the confusion resulting from third party practice would overtax the resources of courts of limited jurisdiction and that, for that reason, the Legislature did not intend to apply it to them, it must be remembered that subdivision 4 of section 193-a allows the court, in its discretion, when faced with such a situation, to dismiss the third party complaint or to direct a separate trial.

The fact that the Judicial Council made no reference to courts of limited jurisdiction, in its report to the Legislature, recommending the new third party practice, is no indication that it recommended their exclusion. The Judicial Council was very familiar with the fact that third party practice has been used in this court for many years. No doubt it assumed that the new practice would apply to all courts controlled by the Civil Practice Act.

Certainly, if it intended so revolutionary a change, it would have made its thought manifest and not leave it to so vague an implication.

A reading of the complete '' Recommendations Relating to Bringing Additional Parties into an Action '', prepared by the Judicial Council and printed in its Twelfth Annual Report (1946, p. 167 *et seq.*), upon which the new practice is based, fails to disclose any such intention. In fact, the whole tenor of the study points to a directly opposite conclusion. For instance, at page 184, appears this statement: '' The last sentence of proposed subdivision 3 of new section 193, reading:

' The provisions of this section shall be applicable to all actions whether formerly denoted legal or equitable ' should quench whatever vitality is still left in the rule laid down in *Chapman* v. *Forbes* [123 N. Y. 532, 538] limiting the applicability of the provision only to equitable actions. This amendment, it should be reiterated will merely carry out the original intention of the Commissioners of the Code of Procedure in 1848, set forth above. The policy of completely settling a controversy in one action so far as possible, is as desirable in legal actions as in equitable actions."

Part II of the study relates to impleader only (p. 192 *et seq.*). It shows that the remedy of impleader is a modern procedural device, first used in England in 1873 (p. 197), and in this State in 1922 (p. 193).

It supplements or replaces the old practice of " vouching in " or " vouching to warranty," an ancient legal device used in actions at law.

The purpose of the new rule 54 of the Rules of Civil Practice is stated by the Judicial Council at page 214. It " regulates the mechanics of commencing a third-party action." No intention of excluding courts of limited jurisdiction is discernible there.

With respect to the second point raised by the movants, to the effect that the new statute must be strictly construed, they must have overlooked section 2 of the Civil Practice Act, which says: " This Act shall be liberally construed " and section 3, which says: " The rule of the common law that a statute in derogation of the common law is strictly construed does not apply to this act."

In the third point, movants urge that the third party summons is jurisdictionally defective for the reason that section 193-a of the Civil Practice Act and Rule 54 of the Rules of Civil Practice make it mandatory that the summons must be answerable in twenty days and that the five-day summons served upon them is jurisdictionally defective. That point has been considered above, and, in the opinion of this court, that provision is modified to the practice of this court by the provisions of sections 15 and 19 of the Municipal Court Code, and consequently, a five-day summons is jurisdictionally effective.

The case of *Hirsch* v. *Albany Sav. Bank* (192 Misc. 505), upon which movants rely, has been considered carefully. It deals with the practice in the City Court of Albany. In a previous opinion in the same case (*Hirsch* v. *Albany Sav. Bank*

191 Misc. 415, 417) the statement is made, in the form of a contention of defendant there: "that the Albany City Court Act is silent as to third party actions". That is not true of this court, because section 27 of our code makes applicable the practice in the Supreme Court as to joinder of parties. Many of the arguments advanced here were considered in that case.

The present case is not complicated by any element of equity. It is a simple action at law to recover the price of goods sold and delivered. Defendants, in their third party complaint, allege that they made the purchase for the account of the third party defendants, and request that, if plaintiffs recover against them, they may have the same judgment for the same claim over against the third party defendants. I shall not complicate this discussion about claims sounding in equity. There is nothing necessarily equitable in nature about an impleader. It is simply an attempt to dispose of two or more trials in one. The claims may be legal or equitable in nature. They are usually legal. If legal, a law court has jurisdiction; if equitable, obviously not; not, however, by reason of anything in the Civil Practice Act, but by reason of the provisions of section 18 of article VI of the State Constitution.

The *Hirsch* case (*supra*) is not binding on this court, and, insofar as the argument there made might refer to the jurisdiction of the Municipal Court of the City of New York, in impleader practice, it is not followed.

Furthermore, inasmuch as the City Court of Albany is a court of record (Judiciary Law, § 2) and the provisions of the Civil Practice Act are applicable to it, I cannot agree with the conclusion there reached.

The opinion there leans heavily on *Chapman* v. *Forbes* (123 N. Y. 532). But that case applies only to section 193 of the Civil Practice Act, not section 193-a. A reference to the quotation from the recommendations of the Judicial Council quoted above shows that the new practice was intended to overcome the authority of that case. I can see no justification for the idea that either the Legislature or the Judicial Council intended to limit the new impleader practice to courts of superior jurisdiction and to exclude that practice from courts of limited jurisdiction.

The motion to dismiss the third party complaint is, therefore, denied, and the third party defendants may answer within five days after service of the order to be entered herein, if they be so advised.