Joseph A. Boccia, J.
The present motion brought on by the impleaded defendant seeks a dismissal of the complaint on the ground that same does not state facts sufficient to constitute a cause of action and in addition attacks the jurisdiction of this court over the plaintiff’s cause of action, contending that the complaint is purely equitable in nature.
Originally, plaintiff sued the Metropolitan Life Insurance Company to recover a stated sum represented by a group life insurance policy issued by the Metropolitan Life Insurance Company to the Trustees of Sailors ’ Snug Harbor, the employer of one Anthony Campbell, plaintiff claiming that she was the widow of the said Anthony Campbell and therefore entitled to recover the amount set forth in the policy upon the death of her husband. Metropolitan Life Insurance Company appeared in the action and interposed an answer containing a general denial and in addition claimed that one Gladys Campbell be joined as a party defendant by interpleader as Metropolitan Life Insurance Company was willing to deposit the amount of $3,000, representing the death benefits due under the said group insurance policy, and that upon such deposit and the payment into court of the said sum it be discharged from any liability thereunder. With its answer Metropolitan served the necessary papers interpleading the claimant Gladys Campbell. Thereupon, the impleaded defendant brought on a motion requiring the plaintiff to serve a long-form complaint and this complaint is now the one under review.
The impleaded defendant’s attack upon plaintiff’s complaint is predicated upon (1) that the complaint is insufficient in view of the fact that it is in violation of subdivision 9 of section 31 of the Personal Property Law inasmuch as the action is predicated upon a promise to name the plaintiff as a beneficiary of the policy which promise is not in writing; and (2) the action is one to impress a trust and as to such a cause of action this court has no jurisdiction. (Hoffman v. Nagler, 206 Misc. 623.)
From an examination of the papers it appears that plaintiff was married to the decedent in 1919 and during their married life while the decedent was in the employ of the Trustees of the Sailors’ Snug Harbor he was insured under a group life insurance policy in which the plaintiff was named as the beneficiary.
*659 In 1941, plaintiff and the decedent separated and at or about the time of the separation, plaintiff alleges, an agreement was entered into wherein in consideration of the plaintiff not demanding any financial support for herself either voluntary or through judicial proceedings, the decedent agreed that the plaintiff was to receive the proceeds of the policy in issue, upon his death. Thereupon the decedent requested the plaintiff to turn over the certificate of insurance to him, which the plaintiff had in her possession, and he would then redeliver the same to plaintiff. Demands were made for the return of the said certificate and in response the decedent advised plaintiff that the same were in a trunk and upon his death she could obtain such certificate.
In the meantime, plaintiff alleges, without any knowledge or consent on the part of this plaintiff, decedent changed the beneficiary to one Gladys Campbell (the impleaded defendant) who was described in the change of beneficiary of said policy, as his wife.
Following the death of the decedent on January 9, 1956, plaintiff made application to the Metropolitan Life Insurance Company for the payment to her of the face amount of the said policy and was then advised that Gladys Campbell claimed to be the wife of the said decedent and was the named beneficiary of the said policy and that accordingly and by reason of the fraud and fraudulent statements made by decedent to plaintiff, plaintiff was deprived of the certificate of insurance and the proceeds of the same for which a money judgment is demanded.
It thus appears from the summary of this complaint that although inartistically drawn, plaintiff has alleged a cause of action in fraud as against the impleaded defendant. The Metropolitan Life Insurance Company has in the meantime deposited the $3,000 in the office of the clerk of this court and has been discharged from any responsibility in connection with the determination of the ownership of the said moneys.
Taking up in inverse order the impleaded defendant’s contention this court finds that the action is properly before this court insofar as the interpleader is concerned in view of subdivision 3 of section 27 of the Municipal Court Code in effect September 1, 1954 which recites that ‘‘ A defendant in a pending action may interplead another person according to the provisions of law applicable to like cases in the supreme court ”.
Accordingly section 285 of the Civil Practice Act is directly applicable and is to be read in conjunction with section 27 so that the stakeholder (Metropolitan Life Ins. Co.) became discharged upon the payment into court of the sum of $3,000, and *660 this court is now empowered to determine to whom the moneys so deposited by the stakeholder, are rightfully due.
The case relied upon by defendant, Hoffman v. Nagler (supra), has no application to the facts at bar. That case dealt with an action brought by a union member against trustees of an industry retirement fund for payment of retirement benefits where the court (Shapiro, J.) held that the remedy of a trust beneficiary to protect and enforce his rights against a trustee are exclusively equitable.
This is not the case in the instant action for the plaintiff has alleged that by reason of the statements made to her by the decedent upon which she relied, she surrendered possession of the policy which belonged to her by reason of her agreement to forego application for support and maintenance to which she was entitled. If we were to follow the defendant’s contention to an ultimate conclusion we would find that the defendant would not be entitled to the proceeds of the policy which has been deposited in the court under the same theory urged by the impleaded defendant, namely, that this court has no jurisdiction to determine who is the rightful owner of the moneys so deposited as it attempts to create an equitable function which this court is powerless to do. The statute, subdivision 3 of section 27 is to be given full force and effect unless directly repugnant to the Constitution of this State. It clearly appears that this section was enacted by the Legislature in order to remedy a condition which had been the subject of prior litigation and it was one where this court being the court of record (Civ. Prac. Act, § 285, subd. 8) should have jurisdiction over. (Thomas J. Nolan Inc. v. Martin & William Smith Inc., 193 Misc. 877.)
Coming then to the remaining contention of the impleaded defendant this court likewise finds that this complaint states a cause of action and that this motion to dismiss the complaint must be denied.
The complaint appears to be modeled after the case of Katzman v. Ætna Life Ins. Co. (309 N. Y. 197). The impleaded defendant adroitly seeks to avoid the significance of that case by claiming that if plaintiff pleads a contract, the statute has been violated and accordingly the complaint must be dismissed. However, the complaint is not predicated, as this court sees it, upon a breach of contract but one sounding in fraud. The contention raised by the impleaded defendant that the complaint seeks to impress a trust is not borne out by the complaint itself. Whether or not plaintiff can substantiate the allegations of the complaint upon the trial of this action is not a matter for this *661 court to decide at this time. Suffice it to say the plaintiff is entitled to her day in court “ to show, if she can, that she is a victim of fraud and wrongdoing ’’.
As the Court of Appeals stated in the Katzman v. Ætna, case (p. 205): “If the statute is to be used as a shield, it is only right that the court should know whether it is protecting a wrongdoer.”
As it appears that all of ‘ ‘ the necessary parties are * * * before the court in the present action in which ’ ’ the defendant has been ‘‘ interpleaded for the purpose of disposing of all the claims of the respective parties ” in this action, this court feels that enough has been set forth in the complaint to warrant a denial of the instant motion. (Salinas v. Salinas, 187 Misc. 509. To the same effect see: Bernstein v. Prudential Life Ins. Co., 204 Misc. 775; Siegel v. Tankleff, 95 N. Y. S. 2d 178; John Hancock Mut. Life Ins. Co. v. Sandrisser, 95 N. Y. S. 2d 399.)
The motion to dismiss the complaint is accordingly denied.